[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13460
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-10011-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO GUZMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2014)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Adolfo Guzman appeals his 21-month sentence, imposed at the bottom of the guideline range, after pleading guilty to a single count of conspiracy to encourage and induce aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).  On appeal, he argues that the district court erred in applying the enhanced base offense level provided in U.S.S.G. § 2L1.1(b)(6) for recklessly creating a substantial risk of death or serious bodily injury to another person after determining that Guzman endangered the lives of 3 aliens by attempting to transport them on a jet ski, which had a range of 86 miles, on a 90-mile trip from Cuba to the United States.  He contends that his conduct did not create a risk of death or serious bodily injury to his passengers because the jet ski had a four-person capacity and, thus, was not overloaded.  He further argues that each passenger had a life vest, and that jet skis are designed to operate in the ocean.

For sentencing guideline calculation issues, we review purely legal questions *de novo* and the district court's findings of fact for clear error.  *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004).  We usually review the district court's application of the Guidelines to the facts with due deference.  *Id.*

The enhancement under § 2L1.1(b)(6) applies when an alien-smuggling offense involves "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."  U.S.S.G. § 2L1.1(b)(6).  Application Note 5 for this provision indicates that the enhancement is applicable to a wide

2

variety of reckless conduct, including, for example, carrying substantially more passengers than the rated capacity for a vessel or harboring people in dangerous conditions.  U.S.S.G. § 2L1.1, comment. (n.5).  We have upheld the enhancement where a defendant smuggled 11 aliens from the Bahamas to Florida on a boat where they were held in cramped conditions with only 3 life vests available. *United States v. Caraballo*, 595 F.3d 1214, 1230-31 (11th Cir. 2010).  We noted that the conditions were "undeniably dangerous and inhumane," and that the passengers would have faced serious injury or death if the boat had capsized.  *Id.* In another case, we upheld the enhancement where the defendant had 36 people aboard a boat designed to hold 12, and where there were no life vests available. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1220 (11th Cir. 2010).

The district court correctly applied the enhanced base offense level under § 2L1.1(b)(6) because Guzman could not make the trip from Cuba to the United States without risking running out of fuel, and even if he had been able to refuel the jet ski in open ocean waters, his plan to do so was dangerous.  He further risked the lives of his passengers by bringing extra fuel aboard the jet ski and by attempting the trip at night without any external lights, signals, or communications equipment that he could use to summon help when the watercraft became distressed.

Upon consideration of the entire record on appeal, and after review of the parties' appellate briefs, we affirm.

**AFFIRMED.**